[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A decree of dissolution was entered in this matter on April 13, 1998. The court retained jurisdiction over custody, visitation, alimony, all financial awards and division of property until such time as the DNA results were obtained. CT Page 6853
During the trial of this matter, the plaintiff raised a claim of paternity with respect to the minor child. The court ordered DNA testing to be performed forthwith. On May 11, 1998, the Lab Corp. filed its findings and indicated paternity on the part of the plaintiff to be 99.98%. The matter was assigned for hearing on June 17, 1998 at two p. m. Neither party appeared on that date.
This court finds the plaintiff to be the biological father of the minor child Carissa DelVasto.
The court has carefully considered the criteria as set forth in §§ 46b-81, 46b-82, 46b-62 and 46b-56 Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have known each other since their teens. Although their child was born in 1981, the parties did not marry until August 1991, approximately ten years later. The parties lived separate and apart during that time. The plaintiff is 35 years of age and in good health. He is a high school graduate.
The defendant is approximately 35 years old. She completed ninth grade. The parties separated several times during the course of the marriage, the defendant claiming physical and verbal abuse. The parties have been separated for the past 14 months.
The only asset of their marriage is the marital home. The plaintiff and his father purchased this real estate prior to the marriage of the plaintiff and the defendant. The plaintiff had $42,000 in savings and the plaintiff's father contributed $50,000 for the purchase of the home. The property has a fair market value of approximately $180,000 subject to a mortgage in the amount of $93,000. The plaintiff also had an IRA in the amount of $10,000 which was used for family purposes and improvements to the home in addition to $13,000 net he received from a personal injury lawsuit.
The parties were not good managers and the house was too expensive for the parties. The plaintiff's parents financially assisted the parties in the amount of $26,000 during the course of the marriage.
The defendant is currently living with another. She is presently expecting a child which when born is not issue of the CT Page 6854 marriage. There was testimony under oath from Don Pagliaro that he is the father of this unborn child. The defendant and Mr. Pagliaro have been living together since May 1997. The defendant also testified that Mr. Pagliaro is the father of her unborn child. The defendant is presently receiving state assistance from the State of Connecticut in addition to Title 19 aid.
The defendant did housecleaning during the marriage earning between $150 to $400 per week. She paid the utilities for the home while the plaintiff paid the monthly mortgage payment. The plaintiff sometimes worked two jobs and earned approximately $400 per week.
When the defendant left the home there was $10,000 in debts which the plaintiff paid with the assistance of his parents.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The following orders shall enter:
REAL ESTATE
The plaintiff shall be entitled to the interest in the property located at 27 Rolling Hill Drive, Oxford, Connecticut, free from any claim by the defendant.
OTHER PROPERTY
1. The plaintiff shall transfer to the defendant by means of an IRA the sum of $2,500 from his Starter Corp. 401(k) deferred compensation plan. The remainder of said fund shall be the sole property of the plaintiff. The plaintiff testified he had $7,000 in his 401(k) plan.
2. The plaintiff's IRA at First Connecticut Union shall be his sole property.
3. The 1989 Nissan motor vehicle shall be the sole property of the defendant.
4. The 1976 Cadillac shall be the sole property of the plaintiff.
5. The parties have agreed on a division of personal property CT Page 6855 as itemized in Defendant's Exhibit A. The defendant shall remove her personal property and belongings within 60 days of date.
CUSTODY AND VISITATION
Custody of the minor child is awarded to the defendant mother with rights of reasonable, flexible and liberal visitation to the plaintiff father.
CHILD SUPPORT
In accordance with the child support guidelines, the plaintiff shall pay to the defendant as child support the sum of $95 per week until the child reaches the age of 19 years or completes twelfth grade, whichever event shall first occur.
MEDICAL COVERAGE
The plaintiff shall provide medical insurance coverage for the minor child as is available to him through his place of employment at a reasonable cost to him. Any unreimbursed medical expense shall be equally divided between the parties.
ALIMONY
The husband shall pay to the wife periodic alimony in the amount of $1.00 per year for the benefit of the State of Connecticut as their interest shall appear for a period of three years. Said alimony shall cease upon the death of the plaintiff, death of the defendant, her remarriage or cohabitation or three years from date, whichever event shall first occur. Said term of three years shall be non-modifiable.
LUMP SUM PROPERTY SETTLEMENT
The equity in this house represents the plaintiff's down payment of approximately $45,000 and the plaintiff's father's down payment of $50,000. The mortgage has been reduced from approximately $95,500 to approximately $93,000. The plaintiff's down payment comes from his savings and earnings accumulated prior to the marriage. The home was purchased prior to the marriage. The other half of the equity represents the plaintiff's father's deposit of $50,000 toward the purchase price. Title to the marital home is in the name of the plaintiff and his father. The house has increased in value from $177,500 to $180,000 CT Page 6856 approximately 7 1/2 years later. The mortgage has been reduced from approximately $95,500 to $93,000 since the date of the purchase in August 1991. When the defendant vacated the home, she left behind some $10,000 in joint debts which the plaintiff has paid with the assistance of his father.
The court recognizes the contribution of the defendant and awards the defendant a lump sum property award of $2,500 to be paid within a reasonable period of time.
CHANGE OF NAME
The defendant is granted a change of name to her former name of DelVasto.
COUNSEL FEES
Each party shall be responsible for their own counsel fees.
Coppeto, J.